{¶ 24} I respectfully dissent from the majority's conclusion that appellant's convictions for obstructing official business and resisting arrest were supported by sufficient evidence. However, viewing the evidence in a light most favorable to the State, I agree that sufficient evidence was introduced to convict appellant of disorderly conduct.
 {¶ 25} In regard to obstructing official business, the City had to prove that appellant attempted to prevent, obstruct, or delay the officer's investigation. Absolutely no evidence was presented that appellant intended to "prevent, obstruct, or delay" the police officer's investigation. A review of the evidence demonstrates that appellant came out of his home and approached the police officer as the officer was standing in appellant's driveway to inquire what the officer was doing. The officer responded to appellant's inquiry with "Do you want to go to jail?" The officer repeated this question 10 times. At no time did the officer advise appellant that he was impeding his investigation which he admitted consisted of only running appellant's wife's license and getting the report on her license plates. The officer had already made a determination that appellant's wife was not under the influence. Moreover, the officer never advised appellant that he was impeding or obstructing his duties.
 {¶ 26} As to appellant's conviction for resisting arrest, appellant was charged under R.C. 2921.33(B) which required the City to prove appellant caused physical harm to the officer. Not only was no evidence offered on this issue, the City specifically admitted at trial there was no physical harm and they were not alleging physical harm.
 {¶ 27} Finally, as to appellant's conviction for disorderly conduct, appellant was charged with violating R.C. 2917.11(B). Therefore, the City had to prove that appellant was voluntarily intoxicated. When asked if he was able to determine whether the appellant had been drinking, the officer responded that appellant was "a little unsteady, but other than that he was just an angry person[.]" There was testimony that during the afternoon, appellant had consumed approximately six to eight beers, over a period of eights hours, from 11:00 a.m. to 7:00 p.m. The incident in question occurred at approximately 8:45 p.m.
 {¶ 28} The officer testified that appellant was arrested for disorderly conduct because he was being loud, boisterous, and he was cursing. While there may be an issue as to whether appellant's conviction was against the manifest weight of the evidence, appellant has not raised that issue on appeal. Viewing the evidence in a light most favorable to the State, I, too, would find that the State presented sufficient evidence of appellant's disorderly conduct.
 {¶ 29} Accordingly, I would reverse appellant's convictions for resisting arrest and obstructing official business.